# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

ROGER SAYERS,  )
      Plaintiff,  )
v.  )  No. 3:05-CV-211
  )  (Phillips)
DECEUNINCK NORTH AMERICA, LLC, and  )
VINYL BUILDING PRODUCTS, INC.,  )
      Defendants  )

## MEMORANDUM AND ORDER

This is a claim for breach of contract and exemplary damages resulting from defendants' termination of plaintiff's employment. Defendants have moved to dismiss the complaint as to Vinyl Building Products for insufficiency of service of process. Defendants have also moved to dismiss plaintiff's claim for exemplary damages under Tennessee Code Annotated § 47-50-114. For the reasons which follow, defendants' motion to dismiss will be granted in part and denied in part.

## Background

Plaintiff's complaint alleges that defendants' breached the written employment agreement (Agreement) between the parties when they terminated his employment without cause. Plaintiff further alleges that he is entitled to exemplary damages pursuant to Tennessee Code Annotated § 47-50-114 for defendants' failure to pay commissions due under the Agreement. Defendants move to dismiss plaintiff's claim for exemplary damages, stating that exemplary damages are only available where the contract between

the parties was not reduced to writing. In the instant case, defendants show that the parties entered into a written contract of employment. In fact, defendants further show that a copy of the parties' written contract was attached to and made part of plaintiff's complaint filed herein. Therefore, plaintiff's claim for exemplary damages under the statute should be dismissed as exemplary damages are only available in cases in which there is no written agreement between the parties.

Secondly, defendants state that the complaint names Vinyl Building Products, Inc. (VBP) and Deceuninck North America, LLC (DNA) as defendants. Defendants state that there is a return of service to VBP, purportedly to its registered agent, Ralph Delman, dated April 1, 2005. Defendants aver that according to the Tennessee Secretary of State, VBP is listed as a foreign corporation and its registered agent is not Mr. Delman, but Corporation Service Company. Therefore, defendants assert that the complaint should be dismissed as to VBP for insufficiency of process and insufficiency of service of process.

## Analysis

Based upon the record, it does not appear to the court that plaintiff has effected service upon VBP in accordance with Rule 4, Federal Rules of Civil Procedure. Rule 4(m), provides that upon failure of a plaintiff to effect service within 120 days after the filing of the complaint, the court can direct that service be effected within a specified time. Accordingly, plaintiff shall have **sixty (60) days** from the date of this memorandum and order in which to properly serve VBP with process in this case. Plaintiff is advised that

failure to comply with this order could result in the dismissal of plaintiff's claims against VBP.

As to plaintiff's claim for exemplary damages under Tennessee Code Annotated § 47-50-114, that section provides for exemplary damages when:

> A principal who, acting in bad faith, fails to comply with the provisions of subsection (c) concerning timely payment may be liable in a civil action for exemplary damages in an amount which does not exceed treble the amount of the commissions owed to the sales representative. Additionally, such principal shall pay the representative's reasonable attorney's fees and court costs. . . .

T.C.A. § 47-50-114(d). Subsection (c) provides that "when the contract between a sales representative and a principal is terminated and the contract was not reduced to writing, all commissions due shall be paid within fourteen (14) days of termination." T.C.A. § 47-50-114(c). Plaintiff has provided the court with no authority, and the court has found none, in which the Tennessee courts have applied subsection (d) to cases involving a written contract.

Based on the provisions of the Tennessee statute, it appears to the court that subsection (d) is only applicable in cases in which the parties' contract was not reduced to writing. That is not the case here. Plaintiff has attached to his complaint a copy of the Sales Representation Agreement between the parties. Thus, I find T.C.A. 47-50-114(d) inapplicable and plaintiff's claim for exemplary damages under subsection (d) will be dismissed.

Conclusion

For the reasons stated above, defendants' motion to dismiss is hereby **GRANTED IN PART** and **DENIED IN PART.** Defendants' motion to dismiss plaintiff's claim for exemplary damages under T.C.A. § 47-50-114(d) is **GRANTED.** Defendants' motion to dismiss plaintiff's claims against Vinyl Building Products, Inc., for insufficiency of process and insufficiency of service of process is **DENIED** at this time. Plaintiff shall have **sixty (60) days** from the date of this memorandum and order to effect service upon Vinyl Products.

**IT IS SO ORDERED.**

                          **ENTER:**

                                  s/ Thomas W. Phillips
                                United States District Judge