**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**


| | |
|---|---|
| **ROGER SAYERS,** ) | |
| **Plaintiff,** ) | |
| **v.** ) | **No. 3:05-CV-211** |
| ) | **(Phillips)** |
| **DECEUNINCK NORTH AMERICA, LLC, and** ) | |
| **VINYL BUILDING PRODUCTS, INC.,** ) | |
| **Defendants** ) | |


**MEMORANDUM AND ORDER**


This is a claim for breach of contract resulting from defendants' termination

of plaintiff's employment. This matter is before the court on motions filed by the parties as

follows: (1) defendants' motion for sanctions [Doc. 14]; (2) plaintiff's request for entry of

default judgment [Doc. 20]; and (3) defendants' motion to deem requests for admissions

admitted [Doc. 25].


I


Defendants have moved the court for sanctions, asking the court to dismiss

plaintiff's complaint with prejudice, order the return of payments obtained by plaintiff from

defendant under false pretenses; and award defendants attorneys' fees and costs incurred

in defending this action [Doc. 14]. In support of the motion, defendants state that plaintiff

filed a complaint against defendants alleging that he was wrongfully terminated and seeking $114,369.99 in unpaid commissions. Defendants assert there is no evidentiary support for the allegations in plaintiff's complaint that he was not terminated "for cause" and that he did not breach his employment agreement by representing one of defendants' competitors.

Plaintiff has responded in opposition, stating that his complaint was filed in good faith, that the factual allegations set forth therein are true and accurate, and that the declarations filed by defendants in support of their motion for sanctions are inaccurate.

It appears to the court that defendants' motion will require a determination by the court of virtually all of the factual matters at issue in this litigation, and effectively constitutes a motion for summary judgment. Since the factual bases of defendants' motion for sanctions are obviously material and in dispute, defendants' motion is premature. The fact of the matter is the court does not have sufficient information before it to undertake a analysis of plaintiff's claims at this juncture in the proceedings. Discovery will assist the court to resolve the claims asserted in plaintiff's complaint. Accordingly, defendants' motion for sanctions is **DENIED.**

II

Next, plaintiff has filed a request for entry of default against defendants, Deceunick North America and Vinyl Building Products, on the basis that defendants have

failed to plead or otherwise defend this action as provided by Rule 55(a), Federal Rules of Civil Procedure [Doc. 20].  Defendants have responded in opposition to the motion.

Rule 55, Federal Rules of Civil Procedure, states that a default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules. . . ."  Plaintiff's request for entry of default ignores the fact that defendants filed their motion for sanctions, which under Rule 55 is "otherwise defending" the lawsuit.  Moreover, since the filing of plaintiff's motion, defendants have filed an Answer [Doc. 23] and Amended Answer [Doc. 26] to plaintiff's complaint.  Accordingly, plaintiff's request for entry of default against defendants [Doc. 20] is **DENIED.**

<u>III</u>

Last, defendants have moved the court for an order to deem Deceuninck's requests for admissions propounded to plaintiff admitted [Doc. 25].  In support of the motion, defendants state that on January 30, 2006, it served plaintiff interrogatories, requests for production of documents and requests for admissions.  Pursuant to Rule 36.01 of the Tennessee Rules of Civil Procedure, plaintiff had 30 days within which to file and serve responses to the requests for admissions or they are automatically deemed to be admitted.  Defendants aver that plaintiff did not file or serve his responses within the permissible time allowed by the Tennessee Rules of Civil Procedure.

Plaintiff responds, stating that defendants' motion is based upon the Tennessee Rules of Civil Procedure, and as this case is pending in the United States District Court for the Eastern District of Tennessee, the Tennessee Rules of Civil Procedure have no applicability to this action. Instead, plaintiff asserts this matter is governed by the Federal Rules of Civil Procedure which provides in Rule 26(d) that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Rule 26(f) provides that "the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer to consider the nature and basis of the claims and defenses and the possibilities for a prompt settlement or resolution of the case. . . . "

Plaintiff is correct that the Tennessee Rules of Civil Procedure are not applicable to this action, and that the Federal Rules of Civil Procedure will govern the action in this court. Inasmuch as a scheduling conference has not yet been held in this case, the filing of defendants' motion to deem requests for admissions admitted [Doc. 25] is premature and is **DENIED.**

The clerk is **DIRECTED** to set this matter on the court's docket for a scheduling conference.

**IT IS SO ORDERED.**

**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge